**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

JASON SELTZ,

        Plaintiff,

v.                                        Case No: 2:13-cv-394-FtM-38DNF

MAYLEE MEDINA, CHERYL
HASTINGS, LAKE PARK
ELEMENTARY SCHOOL,
CHILDRENS ADVOCACY CENTER
OF COLLIER COUNTY,
DEPARTMENT OF CHILDREN AND
FAMILIES, COLLIER COUNTY
SHERIFFS DEPARTMENT and
COLLIER COUNTY SCHOOL
BOARD,

        Defendants.

**ORDER**

This matter comes before the Court on the Plaintiff, Jason Seltz's Motion to Proceed *In Forma Pauperis* (IFP) (Doc. # 8) filed on May 24, 2013. In addition, the Plaintiff, Jason Seltz filed seven Motions for Federal Lawsuit that will also be considered: The Plaintiff, Jason Seltz's Motion for Federal Lawsuit Against Maylee Medina (Doc. #1) filed on May 24, 2013; Plaintiff, Jason Seltz's Motion for Federal Lawsuit Against Cheryl Hastings (Doc. #2) filed on May 24, 2013; the Plaintiff, Jason Seltz's Motion for Federal Lawsuit Against Lake Park Elementary (Doc. #3) filed on May 24, 2013; Plaintiff, Jason Seltz's Motion for Federal Lawsuit Against Cheryl Hastings (Doc. # 4) filed on May 24, 2013; Plaintiff, Jason Seltz's Motion for Federal Lawsuit Against Florida Department of Children and Familes (Doc. # 5) filed on May 24,

2013; Plaintiff, Jason Seltz's Motion for Federal Lawsuit Against Collier County Sheriff's Office (Doc. # 6) filed on May 24, 2013; and the Plaintiff, Jason Seltz's Motion for Federal Lawsuit Against Collier County School Board (Doc. # 7) filed on May 24, 2013.

Pursuant to Fed. R. Civ. P. 3, "[a] civil action is commenced by filing a complaint with the court." In this instance, the Plaintiff did not file a complaint but instead seven Motions for a Federal Complaint. As such, the Plaintiff does not present a proper complaint before the Court and the seven Motions (Docs. # 1-7) are due to be stricken. The Plaintiff will be given leave to file a proper complaint with the Court.

The Plaintiff is cautioned that under the Federal and Local Rules, a complaint has to follow a specific format before being considered by the Court. Federal Rules 8 and 10 give the instructions on how to file a proper complaint. Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 561- 563, S. Ct. 127 S. Ct. 1955, 167 L. Ed 2d 929 (2007) (abrogating <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). To meet this standard, the plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. <u>Twombly</u>, 128 S.Ct. at 1965 (citing <u>Papasan v. Allain</u>, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). Rule 10 requires that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded upon on a separate transaction or occurrence– and each defense other than a denial– must be stated in and separate count or defense.

Fed. R. Civ. P. 10(b).

As noted above, the Plaintiff did not file a Complaint but seven separate motions that contain no real facts or allegations other than conclusory statements that each of the Defendants harmed him due to alleged lies told by the putative defendant Maylee Medina. This case apparently arises from a decision from a Florida State Court to take away the Plaintiff's unrestricted parental visits with his daughter based upon Medina's allegations.  According to the Plaintiff, Medina informed the Department of Children and Families and the Collier County Sheriff's Office that the Plaintiff had molested his minor aged daughter and that he was a convicted sex offender.  The Plaintiff indicates that based on those allegations his visitation rights were restricted.

The Plaintiff's conclusory statements, even if contained within a valid Complaint, are insufficient to state a claim under Rule 8.  The Plaintiff is cautioned that he must comply with the requirements of Rule 8 or have his case dismissed.  In future filings, the Plaintiff must name as Defendants only those persons or entities responsible for violating a federal statute or for alleged constitutional violations.  If the Plaintiff intends to proceed against the named Defendants he must allege which acts were committed by each Defendant and how each act entitles him to relief. The Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated. It is improper for Plaintiff to merely list constitutional rights or federal rights and/or statutes.  The Plaintiff must provide support in the statement of facts for the claimed violations.

Further, in the body of the complaint, the Plaintiff should clearly describe <u>how each named defendant</u> is involved in the alleged claim.  The Plaintiff must provide

support in the statement of facts for the claimed violations. More than conclusory and vague allegations are required to state a cause of action. Plaintiff must also state which defendants are being sued for each particular count of the complaint. Furthermore, the complaint must be a single document that contains all of the allegations against the putative defendants and must not be filed as separate single documents against each of the Defendants.

While the Plaintiff does not specifically move for this Court to overturn any State Court rulings, he does state that his parental rights should be restored. The Plaintiff states that he received a court order to have unsupervised visitation with his minor child on Sundays from 9:30am until 4:30 pm. However, the Plaintiff alleges that due to lies told by the minor child's mother, Maylee Medina, his visitation rights were apparently removed by the State Court.

The Plaintiff is advised that this Court cannot stand as an appeals court for the State Court's decision to remove or restrict the Plaintiff's parental rights. Federal Courts are courts of limited jurisdiction. As the United States Supreme Court noted in Rooker v Fidelity Trust Co., 263 U.S. 413, 416, 44 S. Ct. 149, 68 L. Ed. 362 (1923), district courts only possess original jurisdiction. Thus, the United States Supreme Court is the only federal court that can hear an appeal of a state court judgment. Id. This holding was later re-affirmed in District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-483, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). In Feldman, the Court concluded that "a United States District Court has no authority to review final judgments of a state court in judicial proceedings[,] [as review] of such judgments may be had only in this Court." Id. at 482. Thus, it found that when the allegations in the complaint are inextricably

intertwined with a state court judgment, the district court has no jurisdiction to hear the claims. Id. at 486-487. However, a district court may review a general constitutional challenge. Id. at 483.

As a result of these two cases, federal courts recognize the Rooker-Feldman doctrine, which prohibits a district court from hearing "certain matters related to previous state court litigation." Goodman ex rel Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001). The doctrine "is broad enough to bar all federal claims which were, or should have been, central to the state court decision, even if those claims seek a form of relief that might not have been available from the state court. Id. at 1333. In order to determine whether the Rooker-Feldman doctrine applies, the Court must look to the following criteria: "(1) the party in federal court is the same as the party in the state court; (2) the Prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court judgments. Storck v. City of Coral Springs, 354 F.3d 1307, 1310 n. 1 (11th Cir. 2003) (quoting Amos v. Glynn County Board of Tax Assessors, 347 F. 3d 1249, 1265 (11th Cir. 2003)). The Eleventh Circuit has further defined the "inextricably intertwined" requirement as the situation when a "federal claim succeeds only to the extent that the state court wrongly decided the issues before." Goodman ex rel Goodman v. Sipos, 259 F.3d at 1332 (quoting Siegel v LePore, 234 F.3d 1163, 1172 (11th Cir. 2000)(en banc)). Thus, the Court does not have jurisdiction when the plaintiff's claims necessarily result

in a re-examination of the state court decision. Cooper-Jolly v. Lyttle, 3 F. Supp. 2d 1446, 1448 (N.D. Ga. 1998).

The Plaintiff seeks to proceed IFP under 28 U.S.C. §1915 which states in pertinent part, "any Court of the United States may authorize the commencement...of any suit, action or proceeding....without prepayment of fees and costs..., by a person who makes affidavit that he/she is unable to pay such costs..."  Further, under §1915, it is within the Court's discretion to dismiss an action if the action is deemed "frivolous or malicious"; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  A complaint is deemed frivolous if the Court finds that is lacks arguable basis in law or fact.  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).  Because the Plaintiff has not properly commenced this action by filing a complaint, the Court cannot address the issue in his Motion to proceed IFP.  Therefore, the Court will reserve ruling on the Motion to Proceed IFP. The Plaintiff will be required to file a complaint in accordance with Federal Rules of Civil Procedure 3, 8 and 10.  Failure to file a complaint as directed by the Court will result in the case being dismissed without further notice to the Plaintiff.

Accordingly, it is now **ORDERED:**

(1) The Plaintiff, Jason Seltz's Motion for Federal Lawsuit Against Maylee Medina (Doc. #1) is **STRICKEN**.

(2) The Plaintiff, Jason Seltz's Motion for Federal Lawsuit Against Cheryl Hastings (Doc. #2) is **STRICKEN**.

(3) The Plaintiff, Jason Seltz's Motion for Federal Lawsuit Against Lake Park Elementary  (Doc. #3) is **STRICKEN**.

(4) The Plaintiff, Jason Seltz's Motion for Federal Lawsuit Against Cheryl Hastings (Doc. # 4) is **STRICKEN**.

(5) The Plaintiff, Jason Seltz's Motion for Federal Lawsuit Against Florida Department of Children and Familes (Doc. # 5) is **STRICKEN**.

(6) The Plaintiff, Jason Seltz's Motion for Federal Lawsuit Against Collier County Sheriff's Office (Doc. # 6) is **STRICKEN**.

(7) The Plaintiff, Jason Seltz's Motion for Federal Lawsuit Against Collier County School Board (Doc. # 7) is **STRICKEN**.

(8) The Ruling on the Plaintiff, Jason Seltz's Motion to Proceed *In Forma Pauperis* (IFP) (Doc. # 8) is **RESERVED.**

(9) The Plaintiff, Jason Seltz has up to and including **July 2, 2013**, to file a Complaint in accord with the Federal and Local Rules of Civil Procedure. Failure to comply with this Order will result in the Plaintiff's case being dismissed and his case closed without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida this 12th day of June, 2013.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record